JUDGE ENGELMAYER

BLANK ROME LLP
Attorneys for Petitioner
Richard V. Singleton
Kate B. Belmont
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NS UNITED KAIUN KAISHA, LTD.,

                Petitioner,

    v.

COGENT FIBRE INC.,

                Respondent.

---

15 Civ.

**PETITION TO RECOGNIZE AND
ENFORCE ARBITRATION AWARD**

       Petitioner NS UNITED KAIUN KAISHA, LTD. ("NSU") through its attorneys Blank

Rome LLP, hereby petitions this Court pursuant to 9 U.S.C. §201 et seq., or alternatively

pursuant to 9 U.S.C. §9, for an Order recognizing and enforcing a final arbitration award against

Respondent COGENT FIBRE INC. ("Cogent"), formerly known as "Cogent Fibre LLC", and for

its Petition NSU alleges:

    1.    This is a case of admiralty and maritime jurisdiction, as hereinafter more fully

        appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of

        the Federal Rules of Civil Procedure.  The Court has admiralty jurisdiction under

        28 U.S.C. §1333.  The Court also has "federal question" jurisdiction pursuant to

        28 U.S.C. §1331 and/or "diversity" jurisdiction pursuant to 28 U.S.C. §1332.

    2.    The Court has personal jurisdiction over Respondent Cogent because Cogent

        agreed in writing to arbitrate certain disputes arising under a maritime contract in

New York, and this action seeks recognition and enforcement of a final arbitration award issued in New York pursuant to that agreement.

3.    Petitioner hereby petitions this Court pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 et. seq. (the "New York Convention"), and the Federal Arbitration Act, 9 U.S.C. § 1 et. seq., for a judgment confirming its arbitration award in favor of Petitioner and against Respondent.

4.    At all material times, NSU was and now is a corporation organized and existing under the laws of the Japan as a Japanese corporation with a principal place of business at NS United Kaiun Tokyo, Otemachi First Square West Tower 22F, 5-1, Otemachi 1-Chome, Chiyoda-Ku, Tokyo 100-8108.

5.    At all material times, on information and belief Cogent was and now is a company organized and existing under the laws of Canada as a Canadian company and with a business address of 338 Davenport Road, Suite 102, Toronto, Ontario M5R 1K6, Canada and a business address of 20 Brodwood Drive, Stamford, Connecticut 06902.

6.    On May 28, 2008, NSU entered into a five (5) year contract of charter (the "Charter") with Cogent for the M/V DAISHIN MARU ("the Vessel") to carry woodchips or woodchip pellets, from Savannah, or other port in Charterer's option, to Igsas, Turkey, or other port as Cogent may nominate, for a freight rate of USD $0.60 per cubic foot (Savannah/Igsas).

7.    Disputes arose under the Charter and when Cogent failed to load a cargo, NSU withdrew the Vessel from the Charter on or about December 21, 2011.

683227.00603/7498378v.2

8.    The Charter provided that all disputes thereunder were to be referred to arbitration in New York.  Pursuant to the terms of the Charter, NSU commenced arbitration in New York on or about February 1, 2012, by appointing an arbitrator and sending notice to Cogent.

9.    Cogent responded by appointing an arbitrator, and on or about March 28, 2012, pursuant the agreement, NSU and Cogent jointly appointed a chairman.

10.   On January 23, 2015, following 10 hearings during which evidentiary submissions were made by both parties, the arbitration panel issued a final arbitration award in favor of NSU and against Cogent in the amount of $11,606,421.51 inclusive of accrued interest through the date of the award, attorneys' fees and costs, and reimbursement of arbitrators' fees paid on Charterer's behalf (the "Award").  A true and correct original of the Award is attached as Exhibit A hereto.

11.   Petitioner has paid the Panel's fees and expenses of $113,615.90 and is entitled to immediate reimbursement with interest thereon.

<u>COUNT I AGAINST COGENT</u>
**Petition to Confirm The Award**

12.   Petitioner repeats and realleges each and every allegation contained in the previous paragraphs as if set forth herein in full.

13.   The Award is final and not subject to any further appeal.

14.   The Award was issued in the United States, which is a signatory to the New York Convention.

15.   The Charter involved property located abroad and envisaged performance abroad within the meaning of 9 U.S.C. §202.

–3–

16.  Additionally or alternatively, the Charter constituted a "maritime transaction" within the meaning of 9 U.S.C. §1 and §2.

17.  No valid grounds for refusal or deferral of recognition of the Award exist.

18.  Cogent has failed to pay the Award in whole or in part.

19.  At all material times Cogent was represented by Anthony Mavronicolas, a lawyer admitted to practice in the courts of New York having an office located at 415 Madison Avenue, 18th Floor, New York, New York, 10017.

20.  This Court should recognize and enforce the Award and issue judgment thereon and should further grant Petitioner its attorneys' fees and costs for pursing this action.

**WHEREFORE**, NSU respectfully requests that the Court:

A.  Enter an Order recognizing and enforcing the Award and directing that judgment be entered thereon in favor of NSU against Cogent in the amount of $11,606,421.51, plus interest to the date of judgment, plus post-judgment interest on all the above amounts at the New York statutory rate of 9% *per annum*, compounded at quarterly rests.

B.  Award NSU such further and other relief as may be just and equitable.

Dated: New York, New York
       March 10, 2015

                              Respectfully submitted,

                              BLANK ROME, LLP

                    By:       _____
                              Richard V. Singleton
                              Kate B. Belmont
                              405 Lexington Avenue
                              The Chrysler Building
                              New York, NY  10174
                              (212) 885-5000
                              Attorneys for NS UNITED KAIUN KAISHA, LTD.

683227.00603/7498378v.2

# EXHIBIT A

**David Martowski**
**91 Central Park West**
**New York, N.Y. 10023**
**T: 212 579 6224  F: 212 579 6277**
dmartowski@verizon.net

January 23, 2015

**Via FedEx**

Richard V. Singleton II, Esq.          Anthony J. Mavronicolas, Esq.
Blank Rome, LLP                        Mavronicolas Mueller & Dee LLP
The Chrysler Building                  950 Third Avenue – 10th Floor
405 Lexington Avenue                   New York, New York 10022
New York, New York 10174

**Re: NS United Kaiun Kaisha, Ltd. v. Cogent Fibre Inc.**

Gentlemen,

The panel encloses its Final Award in this matter and is pleased to have been

of service to the parties.

Sincerely yours,

cc:    Jack Berg        Manfred W. Arnold

       Society of Maritime Arbitrators, Inc.
       Ms. Patricia Leahy
       Office Manager

|  |  |
|---|---|
| In the Matter of the Arbitration | : |
| | : |
| between | : |
| | : |
| NS UNITED KAIUN KAISHA, LTD., | : |
| as Owner of the **DAISHIN MARU** | : |
| | : |
| and | : |
| | : |
| COGENT FIBRE INC., | : |
| as Charterer | : |
| | : |
| arising under a Charter Party | : |
| dated May 28, 2008 | : |

**FINAL AWARD**

Before:      Manfred W. Arnold
             Jack Berg
             David W. Martowski, Chair


Appearances:   Blank Rome LLP
               on behalf of NS United Kaiun Kaisha, Ltd.
               by Richard V. Singleton, II, Esq. and
               Kate B. Belmont, Esq.

               Mavronicolas, Mueller & Dee LLP
               on behalf of Cogent Fibre Inc.
               by Anthony J. Mavronicolas, Esq.


**The Introduction**

NS United Kaiun Kaisha, Ltd. (NSU), then doing business as "Shinwa Kaiun

Kaisha Ltd.," as Owner of the DAISHIN MARU, seeks to recover $13,780,297.72 plus

interest, fees and costs from Cogent Fibre Inc. (Cogent), as Charterer, arising from its

alleged breach of a five-year or Consecutive Voyage Charter (CVC)[1] dated May 28, 2008.  Cogent denies liability and counterclaims to recover lost earnings of $15,285,951 or, in the alternative, $13,645,338, arising from NSU's breach of the CVC and alleged wrongful interference with other of Cogent's contracts.  NSU denies liability.

Addendum No. 4, dated October 1, 2010, stipulates *i.a.* the following corporate names changes:

1.  *"SHINWA KAIUN KAISHA, LTD." as Owners in the Charter Party shall be read as "NS UNITED KAIUN KAISHA, LTD." as from 00:00 hours (Japan Time) on October 1st, 2010.*

2.  *"COGENT FIBRE LLC." As Charterers in the Charter Party shall be read as "COGENT FIBRE INC." as from 00:00 hours (New York time) on January 1st, 2011.*

The CVC commenced on February 15, 2009 and between July 3, 2009 and September 7, 2011 the Vessel performed 16 voyages without incident, 14 of which were between Savannah and Turkish ports.[2]


**The Parties**

NSU is a major international provider of marine transportation services for raw materials and fuel for the iron production and other industries, various energy resources, industrial products and feed grains.  It is headquartered in Japan and provides services through its worldwide offices.

---

[1] Based upon the Americanized Welsh Coal Charter form as amended with Rider Clauses and Addenda Nos. 1-5.
[2] NSU Exhibit 203.

Cogent was established in 2005 and is a privately held company that procures and exports woodchips and woodchip pellets mainly from the United States East Coast, but also from Brazil, the Congo and Venezuela, to its Turkish customers on chartered-in vessels.

## The Proceedings

On February 2, 2012, the Owner commenced this arbitration pursuant to Clause 5 of the CVC[3] with the appointment of Manfred W. Arnold.  Charterer responded with the appointment of Jack Berg on March 6, 2012.  The panel was completed on March 28 when the parties selected David W. Martowski as third arbitrator and chairman.

Ten hearings were held in New York City, at which, several witnesses testified[4] and voluminous documentary evidence was introduced.  The panel rendered six rulings with respect to discovery issues and security for costs; it also addressed the admissibility of a law professor's expert opinion on legal and commercial issues as well as subpoenas.  Post-hearing main and reply briefs were exchanged, followed by oral argument on August 6, 2014.  These proceedings were then formally closed.

---

[3] *If any dispute or difference should arise under this Charter, same to be referred to three parties in the City of New York, one to be appointed by each of the parties hereto, the third by the two so chosen, and their decision, or that of any two of them, shall be final and binding, and this agreement may, for enforcing the same, be made a rule of Court.  Said three parties to be shipping men.*

[4] On NSU's behalf – Peter C. Jenkins, U.S. General Manager; Kazushi Fukuda, General Manager of the Tramp Chartering Group; and John F. Ring, Jr., Consultant and Expert Witness.  On Cogent's behalf – Geralyn Petrafesa, Manager – Chartering, Post-Fixture Operations and Marketing; Don McClure, President; Travis Meadows, Expert; Professor Martin J. Davies, Expert; and Hendrik F. van Hemmen, Expert.