UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NS UNITED KAIUN KAISHA, LTD.,<br><br>      Petitioner,<br><br>   v.<br><br>COGENT FIBRE INC.,<br><br>      Respondent. | 15 Civ. 01784 (PAE)<br><br>ECF Case |

## PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECOGNIZE AND ENFORCE <u>ARBITRATION AWARD</u>

BLANK ROME LLP
ATTORNEYS FOR PETITIONER
405 LEXINGTON AVENUE
THE CHRYSLER BUILDING
NEW YORK, NY 10174
(212) 885-5000
RICHARD V. SINGLETON
KATE B. BELMONT

## PRELIMINARY STATEMENT

Petitioner NS United Kaiun Kaisha Ltd. ("NSU") submits this Memorandum of Law in support of its motion for Judgment Recognizing and Enforcing a Final Arbitration Award dated January 23, 2015, issued in respect of the captioned dispute.

## FACTS

This action arises out of a dispute under a maritime contract of charter for the ocean-going vessel MV DAISHIN MARU ("the Vessel"). (Singleton Affidavit ¶ 2.) NSU was the owner of the Daishin Maru, a Panamanian flagged vessel of 38,691 metric tons deadweight, with a 2.8 million cubic feet grain capacity. (*Id.*) On May 28, 2008, NSU entered into a five (5) year continuous voyage contract ("CVC" or "charter") with Cogent Fibre Inc. ("Cogent"), formerly known as "Cogent Fibre LLC", for the Daishin Maru to carry woodchips or woodchip pellets, from Savannah, or other port in Charterer's option, to Igsas, Turkey, or other port as Cogent may nominate, for a freight rate of USD $0.60 per cubic foot (Savannah/Igsas). (*Id.* at ¶ 3.) The charter was fixed as an Americanized Welsh Coal Charter. (*Id.*)

Clause 5 of the Charter provided:

> "If any dispute or difference should arise under this Charter, same to be referred to three parties in the City of New York, one to be appointed by each of the parties hereto, the third by the two so chosen, and their decision, or that of any two of them, shall be final and binding, and this agreement may, or enforcing the same, be made a rule of Court. Said three parties to be shipping men."

(*Id.* at ¶ 4.) The Charter was signed by the parties and confirmed in an exchange of emails. (*Id.* at ¶ 5.)

Disputes arose under the Charter and on or about February 1, 2012, Petitioner commenced arbitration against Respondent under the Charter and appointed Manfred Arnold as

an arbitrator. (*Id.* at ¶ 6.) Jack Berg was subsequently appointed by Cogent, and on or about March 28, 2012, both parties agreed that David Martowski would serve as the chairman. (*Id.*)

Petitioner and Respondent submitted their initial position papers on September 14, 2012. (*Id.* at ¶ 7.) The parties participated in 10 evidentiary hearings, held in New York City, beginning in May 2013 through January 2014. (*Id.*) Post-hearing main briefs were submitted by both parties on or about April 7, 2014; reply briefs were submitted on or about May 19, 2015. (*Id.*) Oral argument was held on August 6, 2014. (*Id.*) Thereafter the proceedings were formally closed. (*Id.*)

By Final Award dated January 23, 2015 (the "Award"), the arbitrators issued an award with the following findings in Petitioner's favor:

> 1) NSU did not breach its obligations under Clause 55 when drydocking the vessel at Sevastopol in September 2011;
>
> 2) NSU's conduct did not justify Cogent's failure of performance to provide cargoes for the balance of the contract;
>
> 3) The testimony by Cogent's witnesses clearly established that until NSU would agree to the demands for freight reduction, concessions on the existing contract or a new CVC, there would be no cargo nomination for the DAISHIN MARU, even though admittedly cargoes were available in the November/December 2011 period;
>
> 4) Charterer was in breach of the CVC and not NSU;
>
> 5) The law of damages provides that the injured party shall be placed into the same position as if the breach had not occurred. Cogent breached the CVC by failing to supply the cargoes as required. There was also the implied and expressed threat that no further cargoes would be supplied unless NSU would agree to new terms and rates for the balance of the contract period. The protracted proceedings, the unreasonably extensive discovery proceedings requiring the panel's rulings, the force majeure notice which was a non-issue created costs and fees which would not have arisen in the normal course of business;

    6)    Cogent is directed to pay the sum of $11,606,421.51 to NSU, which we arrived at as follows:

        i. Damages arising from Charterer's breach of the CVC: $9,933,900.60;

        ii. Interest thereon: $571,389.15;

        iii. Allowance towards NSU's arbitration costs: $97,967.91;

        iv. Allowance towards NSU's legal fees: $889,547.95;

        v. Arbitrator's fees and expenses paid on Cogent's behalf: $113,615.90;

        vi. Total due NSU: $11,606,421.51.

    7)    If this Final Award is not satisfied within 20 days from the date hereof, interest at the prime lending rate published by the Federal Reserve Bank will resume accruing on the principal amount of $9,933,900.60 until the Final Award has been satisfied or reduced to judgment, whichever first occurs.

    8)    The panel's fees and expenses for rendering this Final Decision and Award total $313,780, which are a joint and several obligation of both parties…Since the available escrow sum is insufficient to cover the panel's fees in full, the panel directs NSU to make payment directly to the individual arbitrators in the amounts shown in the Balance Due column [$113,615.90]. NSU's right to collect the total damages set forth on page 32 of this Final Award is conditioned on its payment of the above Balance Due amounts.

(*Id.* at ¶ 8-9.)

The Award further provided that "This Final Award may be made a rule of the court in accordance with Clause 5 of the CVC." (*Id.* at ¶ 10.)

Further to Paragraph 8 above, Petitioner paid the arbitrators in full under cover letter dated March 3, 2015; consequently, it is entitled to reimbursement for said costs from

Respondent with interest as per the Award. (*Id*. at ¶ 11.) To date, Respondent has paid no part of the Award. (*Id*. at ¶ 12.)

ARGUMENT

POINT I

THE COURT SHOULD RECOGNIZE AND ENFORCE THE ARBITRATION AWARD AND ENTER JUDGMENT IN FAVOR OF PETITIONER

The Federal Arbitration Act, 9 U.S.C. §§ 1-16, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), 9 U.S.C. § 201 *et. seq.*, apply to this matter because the contract at issue is a maritime transaction involving commerce and is not entirely between citizens of the United States. 9 U.S.C. § 202. Venue is proper in this court because the seat of the arbitration was Manhattan. 9 U.S.C. § 204.

Both the FAA and the convention expressly provide for the summary enforcement of the final arbitration award in this case. The FAA provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title [9 USCS §§ 10, 11]. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9. U.S.C. § 9. Similarly, 9 U.S.C. § 207 provides:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for

refusal or deferral of recognition or enforcement of the award specified in the said Convention.

Award confirmation under either the FAA or the Convention is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." *Florasynth, Inc. v. Picholz*, 750 F.2d 171, 176 (2d Cir. 1984). To advance those objectives, the FAA and Convention provide for confirmation procedure in the nature of federal motion practice. *Imperial Ethiopian Government v. Baruch-Foster Corp.*, 535 F.2d 334, 335 (5th Cir. 1976).

Parties have limited defenses to recognition and enforcement of an award under both the FAA and the Convention. *Admart AG v. Stephen & Mary Birch Foundation, Inc.*, 457 F.3d 302, 307 (3d Cir. 2006). The party challenging an arbitral award has the burden of proving the existence of grounds to vacate, *Scandinavian Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*, 732 F. Supp. 2d 293, 303 (S.D.N.Y. 2010), and because enforcement of arbitration awards is favored as a matter of policy the showing required to avoid confirmation is very high. *See D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). *See also Stone v. Theatrical Inv. Corp.*, 2014 U.S. Dist. LEXIS 166934 (S.D.N.Y. Dec. 2, 2014) and *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987).

Petitioner entered into an agreement with Cogent that required arbitration of all disputes. That agreement was signed and confirmed in an email exchange. Disputes arose under the agreement which were submitted to arbitration. Cogent fully participated in the arbitration, which occurred in New York. The arbitrators issued an arbitration award in favor of NSU and against Cogent. None of the Article V grounds for refusing to recognize the Award apply in this case. There is no evidence of any impropriety or bias on the part of the arbitrators. The Petition is timely-filed. There are no grounds for "refusal or deferral" of recognition and enforcement of

the Award. Accordingly, the Award should be recognized and enforced, and a judgment entered thereon in favor of the Petitioner and against Respondent.

## CONCLUSION

For the foregoing reasons this Court should enter Judgment in this matter recognizing and enforcing the Award and should grant Petitioner such other and further relief as the Court may deem just and equitable.

Dated: New York, NY
March 11, 2015

> Respectfully submitted,
> BLANK ROME LLP
> Attorneys for Petitioner
>
> By _____
> Richard V. Singleton
> Kate B. Belmont
> 405 Lexington Avenue
> New York, NY 10174
> Tel.: (212) 885-5000
> RSingleton@BlankRome.com

TO: Anthony J. Mavronicolas, Esq.
Mavronicolas & Dee LLP
415 Madison Avenue – 18th Floor
New York, New York 10017

Ms. Geralyn Petrafesa
Cogent Fibre Inc.
20 Brodwood Drive
Stamford, CT 06902

Mr. Donald McClure
Cogent Fibre Inc.
338 Davenport Road, Suite 102
Toronto, Ontario
CANADA
M5R 1K6